JAMES M. KNIGHT, petitioner for partition, *vs.* RICHARD H. T. TAYLOR *et als.*

Lincoln. Decided January 10, 1878.

*Amendment.*

The return of an officer levying an execution upon real estate, may be amended as against a subsequent purchaser with knowledge of the facts, or when the record shows that all the requirements of the law were probably complied with, if it is satisfactorily shown to the court that they were actually complied with.

ON FACTS AGREED.

PETITION FOR PARTITION.

The respondents contested the title of the petitioner, who claimed an undivided fourteenth part of the premises, and also 19-120 undivided parts, in all, 193-840, by virtue of the levy of two several executions in his favor against one Babson. If the proceedings in making the levies were valid and legally operative to give the petitioner title, he is to recover ; otherwise, otherwise.

The respondent, Ingalls, claimed under a deed of quitclaim from Babson, of his entire undivided part of the premises described in the petition ; which conveyance, dated April 4, 1871, was subsequent to the record of the levies, which levies were duly and seasonably recorded.

The officer making the levies made application to amend his returns, by adding to each, above his signature, as follows: "The said John Babson, the debtor, could not be found in the said county, and had no residence therein, having removed his residence from the state. I therefore gave notice to the said Ingalls, who neglected to select an appraiser."

If the amendment is permissible, it is to be considered as made. The respondent, Ingalls, if called to testify, would admit that Babson had no residence in Lincoln county at the time of making the levies; that he was of counsel for Babson in the cases in which the petitioner recovered the judgments; that he knew of the levies and had examined the record of them before Babson's conveyance to him, and that he took the conveyance to secure him in part for the indebtedness of Babson to him existing before the levies were made; the indebtedness still continues and is of much larger amount than the value of the property.

It was admitted that the petitioner recovered judgments as described in the several executions.

Ingalls does not defend this proceeding for his own benefit, but allows the assignee of Babson, who is now in bankruptcy, to do so in his name, as the assignee proposes to pay Ingalls, Babson's indebtedness to him and redeem the property which Ingalls holds as security for such indebtedness.

*W. Hubbard*, for the petitioner.

Babson was owner and tenant in common of the premises. The petitioner having two executions against him, satisfied them by levies on a portion of his undivided part, 1-14+19-120=193-840.

After the record of the levies, Babson released to Ingalls all his interest in the premises. The levies did not cover all of Babson's undivided part, so that Ingalls takes by his deed that part not levied on.

The officer making the levy applies for leave to amend his return, to conform to the fact.

Ingalls does not defend, but allows the assignee of Babson to do so in his name.

The assignee can stand in no better position than Babson, and

as against him, the levy is well enough. But clearly he can not object to the correction of the officer's return.

The amendment is allowable even against a third party.

*B. Bradbury,* for the respondents.

Babson has no interest in the property, only his creditors. He is not here to resist the amendment. It is immaterial who appears here to object to this amendment.

The only question is, have other rights to this property intervened before the amendment of the officer's return has been made. If so, the amendment should not be allowed.

DANFORTH, J. The petitioner claims title under John Babson, by virtue of two levies of the same date. The respondent, Ingalls, claims under the same person by a deed subsequent to the record of the levies. Therefore the only question presented is the sufficiency of the title under the levies.

The officer in his return states that on the day of the seizure of the land, he gave "notice thereof to Henry Ingalls, attorney of record for the within named debtor, and having allowed him a reasonable specified time within which to choose an appraiser," he caused three disinterested men to be sworn, one of whom was chosen by himself for the debtor. It seems to be assumed that this return, (and it is the same under each levy) is defective in not sufficiently showing the authority of the officer to appoint an appraiser for the debtor. The officer asks to amend his return by adding the facts, that the debtor could not be found in the county and had removed his residence from the state, and that he "therefore gave the notice to said Ingalls who neglected to select an appraiser." The first part of this proposed amendment would seem to be unnecessary. True it was formerly necessary that the notice should be given to the debtor residing in the county ; but by R. S. of 1857, c. 76, § 1, under which this levy was made, notice is to be given to the "debtor or his attorney, residing in the county where the land lies." The attorney residing in the county, notice to him would seem to be sufficient wherever the debtor himself might have his residence.

Whether the omission of the other fact is not a fatal defect

if not remedied by an amendment, may admit of more serious doubt. If the amendment is allowable no question is made to its truth; but the objection is that the contesting respondent is not a party to the record to be amended but is a subsequent purchaser. The general rule undoubtedly is, that any change in the record shall not effect a previous *bona fide* purchaser without notice. But is the respondent such a purchaser? The levies were upon the record and examined by him before he took his deed. In the language taken from *Whittier* v. *Varney*, 10 N. H. 291, and adopted by our court in *Fairfield* v. *Paine*, 23 Maine, 498, 508, "when the subsequent purchaser or creditor, being chargeable with constructive notice of what is on the record, if he has sufficient to show him, that all the requirements of law have probably been complied with, and he will, notwithstanding, attempt to procure a title under the debtor, he should stand chargeable with notice of all the facts, the existence of which is indicated and rendered probable by what is stated in the record, and the existence of which can be satisfactorily shown to the court." The same rule is laid down in *Fitch* v. *Tyler*, 34 Maine, 463, 471. *Glidden* v. *Philbrick*, 56 Maine, 222. *Haven* v. *Snow*, 14 Pick. 28.

In this case the records show that notice was given, a reasonable specified time allowed in which to choose, and the appraiser chosen by the officer. Here would seem to be a sufficient indication that there was at least a neglect on the part of the debtor or his attorney to make the selection, enough being stated to show a "probability" that, in this respect, "all the forms of the law had been complied with."

But the case does not stop here. It appears that the attorney notified and the subsequent purchaser were one and the same person. He admits "that Babson was not a resident of the county at the time of making the levies; that he was counsel for said Babson in the cases in which the petitioner recovered his judgments, and that he knew of the levies." It follows that the inference, if any is necessary, is clear and irresistible that the respondent had not only such notice as the record affords, but aside from that, actual notice of all the facts proposed to be supplied by the amendment, and sufficient not only to show a levy

but to show that all the requirements of law were not only probably but actually complied with. He is not therefore a subsequent purchaser without notice. Nor does it change the result that the respondent does not defend this proceeding for his own benefit but allows the assignee in bankruptcy of Babson, to do so in his name. If the assignee defends in the name of Ingalls he must do so by virtue of his title. He can stand no better than Ingalls. Standing upon his title he must fall with it.

> *The amendment, if necessary, is allowable; and, as provided in the report, is considered as made, and the petitioner must have judgment for partition as claimed.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.